ARTHUR D. MARTIN

*v.*

THE STATE OF ILLINOIS.

*Opinion filed December 30, 1898.*

CONTRACTS—*when receipts showing settlement of account are conclusive.* When claimant has given receipts showing an adjustment of his account they are conclusive in the absence of proof of fraud or mistake.

This is a claim filed by Arthur D. Martin in due form in the Auditor's office, on February 25, 1898, for the sum of $34,737.19, of which sum it is alleged to be for a balance of commission due the claimant for sales of chairs sold by claimant under two certain contracts with the Commissioners of the State Penitentiary at Joliet, Illinois, acting in behalf of the State of Illinois, and a balance of $14,000.00 for damages alleged to have been sustained by said claimant by reason of a breach on the part of the said Commissioners acting in behalf of the State of Illinois of the said two certain contracts.

On the hearing of this cause, claimant, by his attorneys, waived his claim to the $14,000.00; and the only matter in controversy for this Commission to pass upon is the claim of $20,737.19.

The evidence shows that the claimant entered into a contract with the Board of Commissioners of the Illinois Penitentiary at Joliet acting on behalf of the State of Illinois, on the 20th day of June, 1893. The conditions of this contract were that the claimant was to devote his time exclusively to the management of the chair factory at the State prison at Joliet, including the sale of all manufactured products.

His compensation was to be fifteen per cent of the gross sale of said business as long as the earnings of the men employed amounted to less than sixty cents per man per day; and the additional sum of five per cent, making the total commission twenty per cent, when the business upon its gross products developed an earning

of sixty cents per man employed per day after certain charges for interest of the money invested in said plant and costs per power and other items were deducted.

On the first day of September, 1894, another contract was entered into, the conditions of which in relation to the compensation, were substantially the same as the contract of June 20, 1893.

Both contracts contained other provisions which are not necessary to be considered in passing upon the merits of this claim.

The claimant's testimony is: That he operated under these two contracts and that from October 18, 1893, to February 29, 1896, the sales of chairs made by him under these two contracts amounted to $339,442.24, of which amount calculated on a basis of twenty per cent commission, his earnings would amount to $67,888.45; of which amount, he credits the State with having paid him $47,151.26, leaving a balance as he claims to be due him of $20,737.19.

The claimant insists that the major part of this amount which he claims to be due is upon the extra five per cent commission as provided in contracts; that the settlements made with him by the State were upon a basis of fifteen per cent; that the Commissioners and the Warden in making these settlements, made it upon a basis of fifteen per cent; and that the earnings of the men were sixty cents per day per man employed and that he is entitled to the twenty per cent commission on the gross sales as in the two said contracts provided.

The only positive evidence introduced by the claimant upon this point is the evidence of Warden Allen, which was contained in the report of an investigation committee appointed by the Senate of Illinois 39th General Assembly.

This evidence was introduced by the claimant under objections of the Attorney General and was allowed to be introduced and passed upon in the final hearing of this case.

The Commission is of the opinion that this evidence introduced in the form it was, is not competent and therefore is not considered in arriving at a judgment in this case.

The Commission is also of the opinion that there is not sufficient evidence to establish the fact that the earnings of the men amounted to sixty cents per day per man employed.

The State has introduced a number of receipts from the claimant, which, in the opinion of the Commission, are conclusive in the absence of proof of fraud or mistake. Many of the receipts contain a statement of the settlement for a period of time and there seems to have been an adjustment in full of accounts between the parties.

We are of the opinion that there is not sufficient evidence introduced to sustain the claim.

The judgment of the Commission is the claim be denied and the petition dismissed.